UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRIS IRIZARRY,

    Plaintiff,

                             Case No.: 8:08-CV-00454-T-17TBM

v.

MID FLORIDA COMMUNITY
SERVICES, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on Defendant's Motion for Summary Judgment (Doc. 18) and Plaintiff's response thereto (Doc. 20). For the reasons set forth below, Defendant's Motion for Summary Judgment is **DENIED**.

## PROCEDURAL HISTORY

Plaintiff originally filed this complaint under the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA) (Doc. 1) on March 10, 2008. Defendant filed an answer on April 25, 2008 (Doc. 6). Defendant filed a Motion for Summary Judgment (Doc. 18) and a Motion in Limine to Exclude Report and Testimony of Plaintiff's Expert (Doc. 19) on June 1, 2009. Plaintiff filed responses to those motions on June 10, 2009 (Doc. 20, 21). The Court granted Defendant's Motion in Limine to Exclude Report and Testimony of Plaintiff's Expert on July 8, 2009 (Doc. 22).

## STATEMENT OF THE CASE

Plaintiff filed this action under the ADA and FCRA alleging that she has an anxiety and panic attack disorder that constitutes a "disability" and that Defendant, Mid Florida Community Services, Inc., unlawfully refused to accommodate her condition when it terminated her for failure to meet the driver's license requirements of her job position (Doc. 1). Defendant moves for summary judgment on the ground that Plaintiff is not disabled under the ADA or the FCRA because Plaintiff's alleged anxiety and panic attack disorder, which precludes her from driving, does not substantially limit a major life activity (Doc. 18).

Plaintiff's disorder began in 1975 when she was treated for a panic attack following the birth of her daughter (Plaintiff's Deposition, Appendix A to Defendant's Motion for Summary Judgment at 78). Plaintiff takes medication for her condition periodically (*Id.* at 83). Plaintiff has not received any mental health counseling for her condition since her first attack in 1975 (*Id.* at 106). One of the impacts Plaintiff's disorder has on her life is that it precludes her from driving (*Id.* at 97). Plaintiff has experienced two panic attacks in the last five years, neither one as a result of driving or being driven in a car (*Id.* at 101-102).

Plaintiff entered the educational field in 1983 as a substitute teacher with Catholic Charities (*Id.* at 90). Plaintiff worked there continuously through 2002 (*Id.* at 92). Defendant hired Plaintiff in 2003 as an Education Specialist in their Head Start Department (*Id.* at 37). Part of her job description included driving to different Head Start Centers. During the application process, Plaintiff testified that she disclosed to management that she was unable to drive and that in order to fulfill her job duties her husband, who was retired, would drive her to and from job sites (*Id.* at 49). Plaintiff did not disclose her disorder at that time (*Id.* at 50). In January 2007, Defendant amended its job descriptions and requirements to include the possession of a valid

Florida driver's license (Affidavit of Supervisor Heidi Rand, Appendix C, paragraph 5). Plaintiff acknowledged those changes and did not dispute them (Appx. A at 116). The new manager for Defendant learned that Plaintiff did not possess a valid Florida driver's license in May 2007 (Appx. C, paragraph 9). When Defendant told Plaintiff that she would have to obtain a license by the end of the following month, Plaintiff finally told Defendant that she had "anxiety" which prevented her from driving (*Id.*, paragraph 11). Defendant told Plaintiff that she needed medical documentation supporting this contention (*Id.*). Plaintiff brought in a note from her doctor that said, "To Whom It May Concern. Ms Irizarry cannot drive because of her condition & medicines which she is on. Please feel free to call our office with questions" (Appx. A, Exh. 17). Plaintiff provided no further documentation (Appx. A at 144).

In July 2007 Plaintiff took positive steps in obtaining her driver's license. She obtained her learner's permit, signed up for driver's education classes, and informed Defendant that she was taking steps to obtain her license (*Id.* at 144-45). After Defendant followed up with Plaintiff on September 20, 2007 and learned that she had not yet obtained a license, Defendant suspended and ultimately terminated Plaintiff for failure to meet the driver's license requirement of the job (Appx. A, Exhs. 20 and 21).

## STANDARD OF REVIEW

Summary Judgment is appropriate when the facts properly supported by the record and taken in the light most favorable to the non-moving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). A material fact is one that "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold*, 369 U.S. 654, 655 (1962). "The opposing party must counter the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial." *United States v. An Article of Drug*, 725 F. 2d 976, 984-85 (5th Cir. 1984). The opposing evidence must be based on admissible evidence of facts and may not be based upon conclusory allegations. *Bloodsworth v. Smith & Nephew, Inc.*, 476 F. Supp. 2d 1348 (M.D. Ala. 2006) (quoting *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)). Once the movant meets the initial burden of demonstrating the absence of genuine issue of material fact, summary judgment is appropriate if the non-movant fails to make a showing to establish the existence of an element essential to its case, which it has the burden of proving at trial. *Celotex*, 477 U.S. at 322. The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

Defendant claims there are no genuine issues of material fact because Plaintiff's alleged anxiety and panic attack disorder, which precludes her from driving, does not substantially limit a major life activity. Therefore, Defendant claims that Plaintiff's condition does not meet the definition of "disability" under the ADA and FCRA. Florida courts construe the FCRA in conformity with the ADA. *Lenard v. A.L.P.H.A. "A Beginning" Inc.*, 945 So.2d 618, 621 (Fla.

2d DCA 2006); *Wimberly v. Securities Technology Group, Inc.*, 866 So.2d 146, 147 (Fla. 4th DCA 2004). Because Florida courts construe the FCRA in conformity with the ADA, a disability discrimination cause of action is analyzed under the ADA. *See Tourville v. Securex, Inc.*, 769 So.2d 491, 492 n. 1 (Fla. 4th DCA 2000); *McCaw Cellular Communications of Fla., Inc. v. Kwiatek*, 763 So.2d 1063, 1065 (Fla. 4th DCA 1999).

Under the ADA, a person has a disability if she has "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) [been] regarded as having such an impairment." 42 U.S.C. § 12102(2). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The Supreme Court's consideration of subsection (A) of the definition is broken up into three steps: (1) whether Plaintiff's alleged condition constitutes a physical or mental impairment; (2) whether the life activity on which Plaintiff relies is a major life activity under the ADA; and (3) whether the impairment substantially limits the major life activity. *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). The first two elements are to be determined by the Court as a matter of law. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1129 (10th Cir. 2003). Determining whether the impairment substantially limits a major life activity is ordinarily a question of fact for the jury; however, summary judgment is appropriate if Plaintiff fails to create a genuine issue of fact in this regard.

The first step in the inquiry under subsection (A) requires us to determine whether Plaintiff's condition constituted a mental impairment. Defendant has stated that for summary judgment purposes Defendant will presume that Plaintiff's alleged anxiety and panic attack disorder constitutes a "mental impairment" under the ADA. The second step is to determine

whether Plaintiff's impairment affects a major life activity. Plaintiff claims that she is substantially limited in the major life activities of both working and driving. It is well established that working is a major life activity under the ADA because it is included in the list of major life activities in the regulations. 29 C.F.R. § 1630.2(i). This Court must now decide whether driving is a major life activity under the ADA.

As the Supreme Court explained, " '[m]ajor' in the phrase 'major life activities' means important. 'Major life activities' thus refers to those activities that are of central importance to daily life." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002). Major life activities are enumerated under the ADA as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). If not contained within these exemplars, the activity must be of "central importance" or "significant" to daily life. *See Toyota*, 534 U.S. at 197; *Bragdon*, 524 U.S. at 638; *Rossbach v. City of Miami*, 371 F.3d 1354, 1357 (11th Cir. 2004).

The Eleventh Circuit has consistently found that driving is not a major life activity. *Burgos v. Chertoff*, 510 F.Supp.2d 993, 1000 (S.D.Fla. 2007); *Chenoweth v. Hillsborough County*, 250 F.3d 1328, 1329 (11th Cir. 2001) (noting that "driving is not only absent from the [EEOC major life activities] list but is conspicuously different in character from the activities that are listed"). While the Court in *Chenoweth* recognized that ours is an "automobile society", the Court went on to say that "millions of Americans do not drive, millions are passengers to work, and deprivation of being self-driven to work cannot be sensibly compared to inability to see or learn." 250 F.3d 1328, 1330.

Defendant is correct in stating that the other Circuits that have decided this issue have also held that driving is not a major life activity. Both the Seventh and Tenth Circuits have

explicitly held that driving is not a major life activity. *Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009); *Kellogg v. Energy Safety Services*, 544 F.3d 1121, 1126 (10th Cir. 2008). The Seventh Circuit reasoned that driving was unlike the listed activities because "the importance of the listed activities does not vary depending on where a person lives. The value that people assign to being able to drive, on the other hand, most certainly does." *Winsley*, 563 F.3d 598, 603.

Other Circuits have declined to decide the issue of whether driving is a major life activity until the Supreme Court clarifies the matter. Instead, these Circuits have subsumed the act of driving within the major life activity of working. *Whitney v. Greenberg, Rosenblatt, Kull & Bitsoli, P.C.*, 258 F.3d 30, 33 n. 4 (1st Cir. 2001) (even if driving at night is a distinct major life activity, it may be reasonably subsumed within the broader context of working and learning); *Livingston v. Fred Meyer Stores, Inc.*, 567 F.Supp.2d 1265 (D.Or. 2008). Therefore, this Court finds that driving is not a major life activity under the ADA. This court will instead analyze Plaintiff's inability to drive within the context of the major life activity of working.

According to the EEOC, the determination of whether an individual is substantially limited in the major life activity of working should only be made if the individual is not substantially limited in another major life activity. Since this Court has determined that driving is not a major life activity under the ADA, the final issue before this Court is whether respondent's mental impairment was a substantial limit on the major life activity of working. While driving itself is not a major life activity, the Eleventh Circuit has held that if Plaintiff's inability to drive substantially limited her ability to work, then Plaintiff may succeed in her claim. *Chenoweth*, 250 F.3d at 1329. The EEOC guidelines define "substantially limits" as follows:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner, or

duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1).

The following factors are considered in assessing whether an individual is substantially limited in a major life activity: "(i) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2). Plaintiff has testified that her disorder, which manifests itself as a phobia, prevents her from driving a motor vehicle. Plaintiff asserts that her inability to drive substantially limits her in the major life activity of working since it prohibits her from holding a whole class of jobs. Plaintiff has testified that she has had this phobia continuously since 1973. Because Plaintiff has created a genuine issue of fact over whether she was substantially limited in the major life activity of working, this is an issue of fact for the jury. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 18) is hereby **DENIED**.

DONE and **ORDERED** in Chambers in Tampa, Florida this 14th day of July 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record